# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KRISTINE FLYNN, *et al.*, on behalf of themselves
and all others similarly situated,

                Plaintiffs,

                -vs-                              Case No. 06-C-537

JIM DOYLE, *et al.*,

                Defendants.

# ORDER

On November 14, 2007, the defendants filed a motion for leave to depose prisoners pursuant to Federal Rule of Civil Procedure 30(a)(2). They seek leave to depose plaintiffs Lenda Flournoy, Debbie Ramos, and Kristine Flynn at Taycheedah Correctional Institution (TCI) in Fond du Lac, Wisconsin. The plaintiffs did not file a response to this motion.

A party must obtain leave of the court, and the court must grant leave to the extent consistent with Rule 26(b)(2), if the person to be deposed in confined in prison. Fed. R. Civ. P. 30(a)(2). The plaintiffs do not object to the defendants' motion. Moreover, the court is satisfied that the plaintiffs' depositions may lead to the discovery of relevant material. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, the motion will be granted.

On December 28, 2007, the defendants filed a motion for leave to conduct physical examination pursuant to Rule 35(a). They seek leave to conduct a physical examination of plaintiffs Lenda Flournoy, Debbie Ramos, and Kristine Flynn. As grounds for the motion, the defendants contend that Flournoy, Ramos, and Flynn are the named plaintiffs in this case and their physical condition is in controversy. The defendants assert that the physical examinations will take place at TCI on a date and time to be determined by the parties, and that Dr. Keith Ness, a board certified medical doctor in family practice at the Mile Bluff Clinic, LLP, in Mauston, Wisconsin, will perform a comprehensive medical examination in the standard manner of each of the named plaintiffs.

The plaintiffs contend that the Court should deny this motion in its entirety. According to the plaintiffs, the defendants' motion fails to satisfy Rule 35's strict requirements. Specifically, the plaintiffs argue that the physical conditions of the class representatives are not "in controversy" and that there is not good cause to justify the requested examinations.

Rule 35 provides, in relevant part:

(a) Order for an Examination.

> (1) In General. The court where the action is pending may order a party whose mental or physical condition – including blood group – is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

2

>>(2) Motion and Notice; Contents of the Order. The order:
>>
>>>(A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
>>>(B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person who will perform it.

Fed. R. Civ. P. 35(a).

To obtain a Rule 35 examination, a party seeking such examination must show that each condition for which the examination is sought is "genuinely in controversy" and that "good cause exists for ordering the examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964); *see also Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) (Rule 35 motion is not properly used to obtain medical care or to complain of deliberate indifference to a prisoner's serious medical needs). Such showings are not met by mere conclusory allegations of the pleadings or by mere relevance to the case. *Schlagenhauf*, 379 U.S. at 118-19. Rather, an affirmative showing by the movant of the factors specified by Rule 35 is required. *Id.* "Mental and physical examinations are only to be ordered upon a discriminating application . . . of the limitation prescribed by the Rule." *Id.* at 121.

In this case, the Court finds that the defendants have not sufficiently demonstrated that the three named plaintiffs should be subjected to a physical examination under Rule 35(a). The defendants have not shown how these plaintiffs' physical conditions are in controversy and that good cause exists to order the examinations. Accordingly, the defendants' motion will be denied.

3

**IT IS THEREFORE ORDERED** that the defendants' motion for leave to depose prisoners (Docket #77) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendants' motion for leave to conduct physical examination (Docket #84) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of January, 2008.

**SO ORDERED,**

s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**Chief Judge**