UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

KRISTINE FLYNN, *et al.*, on behalf of themselves
and all others similarly situated,

       Plaintiffs,

v.                                            Case No. 06-CV-537- RTR

JIM DOYLE, *et al.*,

       Defendants.

## ORDER AUTHORIZING DISCLOSURE OF
## ALCOHOL AND DRUG ABUSE PATIENT RECORDS

This action, filed May 1, 2006, alleges *inter alia* that the medical and mental health care provided to prisoners at the Taycheedah Correctional Institution (TCI) in Fond du Lac, Wisconsin, violates the Eighth Amendment to the United States Constitution and Title II of the Americans with Disabilities Act (ADA). On March 14, 2007, this Court certified this case as a class action for injunctive and declaratory relief pursuant to Fed. R. Civ. P. 23(b)(2). Decision and Order, March 14, 2007 (Dkt. #57), at 29. The Court defined the class as follows:

> (1) the TCI Class, on whose behalf representative plaintiffs bring constitutional claims in this action is defined as: "all prisoners who are now or in the future will be confined at TCI;" and
>
> (2) the ADA Subclass, on whose behalf representative plaintiffs bring statutory claims in this action, is defined as: "all individuals with disabilities who are now or in the future will be confined at TCI."

Id.

1

On July 19, 2007, the Court entered an Order Authorizing Disclosure of Alcohol and Drug Abuse Patient Records [Document #71], to permit counsel for the parties, their experts and other witnesses to obtain discovery documents that contained alcohol and drug abuse patient records (hereinafter "AODA records") as that term is used in 42 C.F.R. Part 2.

The parties have engaged in substantial discovery and anticipate concluding discovery in October 2008. As part of their most recent document discovery request, Plaintiffs have requested that Defendants provide otherwise discoverable materials that may contain AODA records. Title 42 C.F.R. Part 2 provides for confidentiality of AODA records, and 42 C.F.R. § 2.64 sets forth the requirements for a court order authorizing the disclosure of such records. Ordinarily, patients whose AODA records are at issue must be given notice and an opportunity to respond in writing. 42 C.F.R. § 2.64(b). The Court may order disclosure if it finds that good cause exists (§ 2.64(d)), and its order must contain certain safeguards. § 2.64(e)).

In this case, notice has been provided as required by the regulation. On July 12, 2007, a Notice (attached as Exhibit 1 to the parties' prior Joint Motion for a Protective Order Authorizing Disclosure of AODA Patient Records [Document #66]) was posted at TCI in each of the housing units, day rooms, libraries and in the daily bulletin that was also posted in the housing units; in addition, a copy of the was provided to each prisoner in segregation. Prisoners were given until July 23, 2007, to object in writing to the disclosure of their AODA records. A notice, identical in all respects other than the deadline for objections, was posted again from September 23, 2008, to through October 3, 2008. Prisoners were given until October 6, 2008, to object to disclosure of AODA information.

Accordingly, all relevant prisoners have had an opportunity to object to disclosure of

2

their AODA records. The Court finds that good cause exists for disclosure of the AODA records of those members of the plaintiff class who have not objected to such disclosure.[1] A central issue in this case is the adequacy of the medical and mental health care provided to class members. The parties agree that, to resolve this issue, it will be essential for counsel and experts for both sides to have access to class members' medical and mental health records, which may contain AODA information. The AODA information itself may be relevant to the claims in this case; even if it were not, defendants take the position that it is not possible to segregate or redact AODA information from the often voluminous health records of class members. Accordingly, the Court finds that other ways of obtaining the information needed to resolve this case are not available, and that the public interest and the need for disclosure outweigh any possible injury from disclosure. *See* 42 C.F.R. § 2.64(d)(1), (2).

On June 1, 2007, the Court entered a Stipulated Protective Order (Dkt. # 62). That Protective Order is incorporated herein by reference and shall apply to all AODA records that are disclosed pursuant to the present Order. *See* 42 C.F.R. § 2.64(e).

**IT IS SO ORDERED.**

Dated this 10th day of October, 2008.

*s/ Rudolph T. Randa*
Hon. Rudolph T. Randa
Chief Judge

---

[1] This Order is without prejudice to the right of the parties to seek disclosure, at some future time, of the AODA records of those class members who did file objections.