# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KRISTINE A. FLYNN, LENDA FLOURNOY, VERNESSIA L. PARKER, and DEBBIE ANN RAMOS,<br><br>     Plaintiffs,<br><br>v.<br><br>JAMES GREER, DR. DAVID BURNETT, KEVIN KALLAS, M.D., BARBARA RIPANI, STEVEN MERESS, M.D., ROBERT AHLBORG, SCOTT WALKER, GARY HAMBLIN, DEANNE SCHAUB, and GARY ANKARLO,<br><br>     Defendants. | Case No. 6-CV-537-JPS<br><br><br>**ORDER** |

   This class action was filed on May 1, 2006 by Plaintiffs, through counsel, alleging deficiencies in the medical care provided to them and other women at Taycheedah Correctional Institution ("Taycheedah"), Wisconsin's largest women's prison. (Docket #1). The matter was settled in mid-2010. (Docket #259). The settlement involved ongoing efforts to improve medical care at Taycheedah. Over the subsequent years, the parties occasionally returned to the Court to seek an amendment to the previously-approved settlement terms. *See* (Docket #280, #283, and #285). In February 2016, Plaintiffs represented that the terms of the settlement agreement had been met and they stipulated to dismissal of the action with prejudice. (Docket #287). The Court adopted that stipulation. (Docket #288).

   More than a year later, Plaintiff Kristine A. Flynn ("Flynn") filed a motion "for violations by WDOC for TCI Agreement between ACLU

Counsel for the Plaintiff and Gov. Doyle and WDOC." (Docket #289). Flynn, still housed at Taycheedah, lists various complaints with the institution's provision of health care. *Id.* This motion must be denied for three reasons. First, Flynn was represented by counsel while this action was pending, and there is no indication in any court filings that her counsel has withdrawn from this action. The Court does not allow "hybrid" representation, where both counsel and the litigants they represent file motions and pleadings with the Court. Second, assuming Flynn is no longer represented by counsel, prisoner litigants are not permitted to proceed *pro se* to represent a class of other prisoners. *Howard v. Pollard*, 814 F.3d 476, 478-79 (7th Cir. 2015). Third, and most importantly, Plaintiffs have informed the Court that the terms of the settlement were met and stipulated to dismissal with prejudice on that basis. Flynn and her fellow class members cannot rescind that representation long after this action had been dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff Kristine A. Flynn's motion relating to alleged violations of the settlement agreement (Docket #289) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of March, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge